JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DOCKET NO. 433

JUL 25 1980

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

PATRICIA D.
CLERK OF THE PANEL

7/25/80

IN RE AIR CRASH DISASTER IN ST. CROIX, U.S. VIRGIN ISLANDS, ON JULY 24, 1979

TRANSFER ORDER*

Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by Puerto Rico International Airlines, Inc. (Prinair), a defendant in the five actions listed on the attached Schedule A, for transfer of the actions pending in the District of the Virgin Islands and the Southern District of New York to the District of Puerto Rico for coordinated or consolidated pretrial proceedings with the actions pending there.

All responding parties agree on the desirability of or do not oppose transfer. The only dispute concerns the selection of the transferee district. Plaintiffs in one Puerto Rico action and Airport Terminal Services, Inc., a defendant in the Puerto Rico actions, join Prinair in urging centralization in the District of Puerto Rico. Plaintiffs in the New York action favor centralization in the Southern District of New York.

We find that these actions involve common questions of fact and that centralization of the actions under Section 1407 in the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

Those parties favoring the District of Puerto Rico as the transferee district argue chiefly that many of the relevant documents and witnesses are located in Puerto Rico. The New York plaintiffs, on the other hand, favor centralization in the Southern District of New York on the grounds that: (1) docket congestion is substantially less in the Southern District of New York than in the District of Puerto Rico and therefore the actions could proceed more expeditiously in the Southern District of New York; (2) New York is a convenient location, more easily accessible to the majority of parties than Puerto Rico; and (3) the majority of plaintiffs in this litigation has chosen to file suit in the Southern District of New York.

---

*Judge Edward S. Northrop took no part in the decision of this matter.

Although we are of the view that either the District of Puerto Rico or the Southern District of New York could be described as an appropriate transferee forum for this litigation, on balance we conclude that the Southern District of New York is preferable. The Southern District of New York, with a docket load per judge well over a third less than that of the District of Puerto Rico, is in the best position to process this litigation toward its most expeditious conclusion.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in the District of Puerto Rico and the District of the Virgin Islands be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Edward Weinfeld for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A


MDL-433 -- In re Air Crash Disaster in St. Croix, U.S. Virgin Islands, on
          July 24, 1979
                    District of Virgin Islands
          Gilbert Webster, et al. v. Puerto Rico International Airlines, Inc.,
             C.A. No. 185-79
          Roland Joseph v. Puerto Rico International Airlines,
             Inc., C.A. No. 75-1980
                    Southern District of New York
          Harvey Fuchs, et al. v. Puerto Rico International Airlines,
               Inc., C.A. No. 80 Civ 1571
                  District of Puerto Rico
          Braulio Lopez, et al. v. Puerto Rico International Airlines, Inc.,
               et al., C.A. No. 79-1959
          Oma Loveda Rosinbaum, et al. v. Puerto Rico International Airlines, Inc.,
               et al., C.A. No. 79-2455